979 F.2d 248
 298 U.S.App.D.C. 309
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Michael DOBSON, Appellant.
UNITED STATES of America, Appellee,
v.
George DONIS, Appellant.
 Nos. 90-3207, 90-3232.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 20, 1992.
 
 Before STEPHEN F. WILLIAMS, SENTELLE and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 These appeals were considered on the record from the United States District Court for the District of Columbia and on the briefs prepared by the parties and arguments by counsel. After full consideration of the case, the court is satisfied that appropriate disposition of the case does not warrant an opinion. See D.C.Cir.R. 14(c).
 
 
 2
 Appellant Dobson argues that there was insufficient evidence for a reasonable jury to find him guilty of possession with the intent to distribute cocaine base (21 U.S.C. § 841(a)(1)), and that the court erred in allowing evidence that he had tested positive for cocaine at the time he was arrested. After reviewing the record, we conclude there was sufficient evidence for a reasonable jury to find Dobson guilty. See United States v. Poston, 902 F.2d 90, 94 (D.C.Cir.1990). As to the admissibility of the drug test, Dobson's trial counsel did not adequately preserve an objection to the prosecutor's question about drug use at the time (see Fed.R.Evid. 103(a)(1)).
 
 
 3
 Appellant Donis argues that the crack cocaine and a gun seized in the room where he was found at the time of the arrest should have been suppressed as the fruit of an illegal search. Donis maintains that the search warrant was stale, that it was not sufficiently particular as to the place to be searched, and that the officers failed to knock before entering the particular bedroom within the house where Donis was located. We conclude that a ten day warrant executed on the tenth day was not stale. The warrant was sufficiently particular. See United States v. Dorsey, 591 F.2d 922 (D.C.Cir.1978). Donis' argument that the police should have knocked at the open bedroom door before coming into that room is not properly before this court because the argument was not made at trial. See Fed.R.Crim.P. 12(b)(3). In any event, the police were not obliged to knock on the bedroom door, even though it had a lock. See United States v. Crawford, 657 F.2d 1041, 1044-45 (9th Cir.1981); United States v. Remigio, 767 F.2d 730, 732 n. 2 (10th Cir.1985), cert. denied, 474 U.S. 1009 (1986).
 
 
 4
 It is ORDERED and ADJUDGED that the judgments of conviction from which these appeals have been taken be affirmed.
 
 
 5
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2).